BENTON, J.
On account of purchases from October 1, 1989, through September 30, 1994, of certain tangible personal property, the Department of Revenue (DOR) assessed JES Publishing Corporation (JES) for sales tax. Contending these purchases were exempt as “professional, ... or personal service transactions that involve sales as inconsequential elements for which no separate charges are made,” § 212.08(7)(v)l., Fla. Stat. (1991), JES filed a petition for reconsideration and now appeals DOR’s denial of that petition. We affirm.
JES publishes the Boca Raton Magazine (as DOR concedes). In its assessment, DOR explained the basis for its determination that the purchases in question were subject to sales tax, stating:
Consistent with the above analysis, the Department believes that the photographs, color reproductions, slide images, film, proofs, color proofs, color separations, counter cards, art work, and other supplies, as tangible personal property, are not inconsequential elements of the transaction between the supply vendor and JES. It is the tangible photographs, color separations, slide images, film, proofs, col- or proofs, color separations, counter cards, art work, and other supplies that are of value to JES. Since they are not inconsequential, the exemption in ' section 212.08(7)(v)l., F.S., cannot apply. As a result, the full “sales price” of the assessed supplies are subject to Sales tax.
We agree with JES that the three-pronged test set out in Southern Bell Telephone and Telegraph Company v. Department of Revenue, 366 So.2d 30 (Fla. 1st DCA 1978), remains viable, DOR’s “analysis” notwithstanding.
But on the record before us the test does not come into play. With the case in this posture, the statement of facts in the assessment definitively establishes all facts. The statement of facts reads in its entirety:
JES Publishing Corp. (JES), purchased photographs, color reproductions, slide images, film, proofs, color proofs, color separations, counter cards, art work, and other supplies, from a vendor to be used in its publishing business. These supplies are indispensable to JES’[s] publishing business.
Unlike the stipulated statement of facts in Southern Bell, this statement mentions no services to which the sales of tangible personalty might have been incidental. Nor does it reveal whether the art work JES purchased was created for JES, another important factor under Southern Bell.
In the absence of a statement of facts that it deemed satisfactory, JES had the option of filing in circuit court or asking DOR for an evidentiary hearing at the Division of Administrative Hearings, § 72.011(1), Fla. Stat. (1997), in order to prove the additional facts on which it relied in its argument for an exemption. It did neither. On the facts we are bound to look to, the tax assessed was owing.
Affirmed.
BOOTH and VAN NORTWICK, JJ., CONCUR.